# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| IN RE: | Evalina Jones, | * | Chapter 7 |
| | | * | |
| | Debtor(s). | * | Case No. 13-16045 |
| | | * | |

*************************************************************************

| | | |
|---|---|---|
| Evalina Jones, | * | |
| | | |
| Plaintiff, | * | |
| | | |
| Serve: Thaddeus J. Holmquist, Esquire | * | |
| 2300 York Road, Suite 201 | | |
| Timonium, MD 21093 | * | |
| | * | |
| vs. | * | Adversary Proceeding No. |
| | * | _____ |
| Midland Funding, LLC, | * | |
| | * | |
| Defendant(s) | * | |

*************************************************************************

## COMPLAINT TO SET ASIDE PREFERENCE

The above-captioned Debtor, by his/her under-signed counsel, hereby files this *Complaint To Set Aside Preference*, and states the following;

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(F) and an adversary proceeding as defined in the FRBP Rule 7001(1).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. Evalina Jones is the Debtor in the above-captioned Bankruptcy Case and the Plaintiff in the above-captioned Adversary Proceeding.

5. Midland Funding, LLC ("Defendant") is an entity doing business and/or operating in the state of Maryland.

6. This bankruptcy case was commenced by Debtor/Plaintiff, by filing a voluntary petition under Chapter 7, of the Bankruptcy Code **on 4-8-13**.

7. This complaint is filed, pursuant to 11 U.S.C. § 522(h), to set aside a transfer of the Debtor's exempt property to Defendant.

8. During the 90 days prior to the commencement of this bankruptcy case, Defendant caused to be issued an attachment of the debtor's wages, or was garnishing the debtor's wages.

9. Pursuant to this garnishment, for payment of an antecedent debt to the Defendant, Defendant collected **$ 1129.00**, within the 90 days prior to the filing of the bankruptcy case.

10. The Debtor could have exempted (and has exempted) those funds in this case, had they been recovered by the trustee, as a preference under 11 U.S.C. § 547.

11. The trustee has not attempted to avoid this transfer.

12. The aforesaid transfer to the Defendant was not voluntary, nor did the Debtor conceal any of the property involved.

13. The transfer to the Defendant on account of the antecedent debt to it, while the Debtor was insolvent, enabled the Defendant to receive more than it would have received, if the transfer had not been made, since the Defendant would have received no dividend in the Debtor's bankruptcy case.

WHEREFORE, the Plaintiff requests this Honorable Court for judgment against the Defendant, ordering Defendant to return to the Plaintiff the **$ 1129.00**, obtained by it as described above, and for such other and further relief the Court may deem just and proper.

**April 27, 2013**         ___/s/_____
Thaddeus Holmquist, 26356
2300 York Road, Suite 201
Timonium, MD 21093
410-560-7457
tholmquist16@yahoo.com
Attorney for Plaintiff/Debtor